IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BARAMAKS, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:21CV752 |
| FAIRWAY OAK-HOLLOW, LLC, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiff Baramaks, Inc. initiated this action against Defendant Fairway Oak-Hollow, LLC on September 27, 2021, alleging claims of conversion, breach of contract, and unfair and deceptive trade practices. (ECF No. 1 ¶¶ 12–32.) Before the Court is Defendant's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 6.) Specifically, Defendant in its motion and accompanying brief states that the claims in Plaintiff's Complaint "are a rehashing of a counterclaim asserted and dismissed in an action [before] the Superior Court for Guilford County, North Carolina designated as *Fairway Oak-Hollow, LLC v. Baramaks, Inc. d/b/a/ Mediterranean Grill, et al.*, C.A. No. 2019-CVS-512 ('State Court Action')" and are therefore precluded under the doctrine of res judicata; or are otherwise subject to dismissal as compulsory counterclaims which were required to be asserted in the State Court Action. (ECF No. 7 at 1.) Defendant requests that Plaintiff's Complaint be dismissed with prejudice. For the reasons stated herein, Defendant's motion will be granted.

## I. BACKGROUND

### A. Plaintiff's Complaint

Beginning in April 2017, Plaintiff leased space from Defendant at a shopping center owned by Defendant. (ECF No. 1 ¶¶ 5–6.) Plaintiff operated a restaurant in the space, and for those operations it purchased various pieces of equipment, some of which were attached to the floor, roof, and walls of the leased premises. (*Id.* ¶¶ 8–9.) In mid-January 2019, Defendant notified Plaintiff that Defendant was terminating Plaintiff's right to possession of the space. (*Id.* ¶ 10.) On February 7, 2019, Defendant sent Plaintiff email correspondence "requesting that [Plaintiff] remove all of the personal property and equipment, which is not affixed to the floor/roof or walls . . . no later than . . . February 11th." (*Id.* ¶ 13.) Finally, on February 11, 2019, Defendant notified Plaintiff that Defendant was terminating the remaining term of the lease. (*Id.* ¶ 10.) Plaintiff subsequently moved out, leaving behind all equipment affixed to a floor, roof, or wall, and turned over the keys to the space in April 2019. (*Id.* ¶¶ 11, 15.)

Plaintiff alleges that the February 7, 2019, email in which Defendant directed that Plaintiff leave behind equipment affixed to the building when it moved out was an unlawful demand because the pieces of equipment affixed to the building were trade fixtures that belonged to Plaintiff and that Plaintiff had a right to remove. (*Id.* ¶¶ 29–30.) Plaintiff further alleges that by sending that email, Defendant breached the lease contract and converted Plaintiff's property. (*Id.* ¶ 31.) Because the trade fixtures remain at the shopping center and a new tenant is using them, Plaintiff seeks to recover their value, interest going back to February 7, 2019, statutory trebling of damages, and punitive damages. (*Id.* ¶¶ 19, 24.)

2

B. **The State Court Action**

On April 26, 2019, Defendant filed the previously referenced State Court Action against Plaintiff alleging breach of contract, and seeking, among other relief, approximately $30,000 in accrued unpaid rent and rent for the balance of the lease term. (ECF No. 11-1 ¶ 31; *id.* at 9.) For nearly three years thereafter, Defendant and Plaintiff litigated that claim, as well as several counterclaims, before the state court. (ECF No. 6-4 ¶¶ 17–40.) Plaintiff's counterclaims in the State Court Action included a claim for breach of contract, (ECF No. 6-4 ¶¶ 29–33), a claim for unfair and deceptive trade practices, (*id.* ¶¶ 25–28), and a claim for credit based on, among other things, its "up-fitt[ing]" of the premises, (*id.* ¶ 37). Defendant eventually prevailed against Plaintiff as to all claims and counterclaims in that action in January 2022.[1] (ECF Nos. 15 at 1; 16 at 1; 16-1 at 3–4.)

Defendant now moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and pursuant to 12(b)(6) for failure to state a claim. Defendant urges that Plaintiff previously asserted the claims it asserts in this action in the prior State Court Action and therefore the doctrine of res judicata precludes relitigating these claims here; or alternatively, that Plaintiff is precluded from asserting these claims in this action as they should have brought as compulsory counterclaims in the State Court Action. (ECF Nos. 6; 7.)

---

[1] On October 22, 2021, the state court granted partial summary judgment to Defendant. (ECF No. 6-6.) The court dismissed all of Plaintiff's counterclaims and defenses, and granted judgment as to liability on Defendant's claim, however, it reserved the issue of damages for trial. (*Id.*) On January 10, 2022, the court resolved damages on summary judgment, and entered judgment against Plaintiff. (ECF No. 16-1 at 3.) Because there was another defendant in the State Court Action that filed for bankruptcy before damages were resolved, the court stayed proceedings as to that defendant. (*Id.* at 4.) Despite the bankruptcy stay, both Plaintiff and Defendant consider the state court case fully concluded for the purposes of Defendant's motion here. (ECF Nos. 15 at 1; 16 at 1); *see* Restatement (Second) Judgments § 13 cmt. e ("A judgment may be final in a res judicata sense as to a part of an action although litigation continues as to the rest.").

3

## II. STANDARDS OF REVIEW

### A. Rule 12(b)(1)

Under Rule 12(b)(1), a party may seek dismissal based on a court's "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A motion under Rule 12(b)(1) raises the question of "whether [the claimant] has a right to be in the district court at all and whether the court has the power to hear and dispose of [the] claim." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). A defendant may present a motion to dismiss for lack of subject matter jurisdiction either by contending that the complaint does not sufficiently allege jurisdiction, or by contending that the allegations in the complaint are not true. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Unless a defendant pursues the latter method and attacks the truth of the allegations, a court takes them as true and "in effect, . . . afford[s] the same procedural protection as [the plaintiff] would receive under a Rule 12(b)(6) consideration." *Id.* A court should grant a motion under Rule 12(b)(1) "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

### B. Rule 12(b)(6)

A motion made under Rule 12(b)(6) challenges the legal sufficiency of the facts in the complaint, specifically whether the complaint satisfies the pleading standard under Rule 8(a)(2). *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 570 (2007)). A claim is plausible when the complaint

4

alleges sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 709 (4th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). The court "view[s] the complaint in a light most favorable to the plaintiff." *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

When considering a motion to dismiss, "a [district] court evaluates the complaint in its entirety, as well as documents attached [to] or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). Generally, on a Rule 12(b)(6) motion to dismiss, a court cannot consider documents beyond the complaint without converting the motion into a motion for summary judgment. *See Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013). The court can, however, properly consider documents attached to or referenced in the complaint, as well as those attached to the motion to dismiss, so long as those documents are "integral to and explicitly relied on in the complaint." *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)).

In this case, Defendant has asserted the affirmative defense of res judicata as part of its Rule 12(b)(6) motion. The Fourth Circuit has held that when, as in this case, a defendant raises res judicata at this stage of the proceedings, a court may "take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact." *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000); *see also* 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4405 & n.36 (3d ed. 2022) (collecting cases). The parties here have submitted documents that are stamped as filed in the State Court Action, and the Court will take judicial notice of these court records and will consider them in this discussion.

5

The parties have also attached to their respective briefs other documents including affidavits, letters, and emails that do not appear to be a part of the official record of the State Court Action and the Court will not consider such documents in its analysis here. (*E.g.*, ECF Nos. 6-11; 11-4.)

## III. DISCUSSION

Defendant states that its motion to dismiss is made pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure; however, there does not appear to be a meritorious contest to this Court's subject matter jurisdiction. (*See generally* ECF Nos. 6; 7; 13.) Rather, Defendant's central arguments for dismissal of Plaintiff's Complaint are that Plaintiff's claims should be dismissed because they are barred under the doctrine of res judicata since there is a final judgment in the State Court Action dismissing these claims, (ECF No. 7 at 5–6), or, in the alternative, because these claims should have been compulsory counterclaims in the State Court Action pursuant to Rule 13(a) of the North Carolina Rule of Civil Procedure, (*id.* at 7–9).

The Court will first address Defendant's subject matter challenge.

### A. Defendant's Subject Matter Jurisdiction Challenge Fails

It appears that Defendant's challenge to this Court's subject matter jurisdiction rests on the proposition that this Court cannot have subject matter jurisdiction because the state court has subject matter jurisdiction. (*Id.* at 5.) Further, Defendant argues that Plaintiff did not seek to timely remove the State Court Action to this Court. (*Id.* at 6–7.) Neither of these

6

arguments alone appear to be meritorious challenges to the power of this Court to hear this matter.[2]

Defendant does not contest that Plaintiff's Complaint fails to sufficiently allege diversity jurisdiction nor does Defendant argue that the jurisdictional allegations in the Complaint are not true. (ECF No. 7.) The Court will, therefore, assess jurisdiction based on the face of the Complaint pursuant to 28 U.S.C. § 1332, accepting all allegations as true and resolving all inferences in the light most favorable to Plaintiff. The Complaint states that Plaintiff brings this action under this Court's diversity jurisdiction. (ECF No. 1 ¶ 4.) It alleges that Plaintiff is an administratively dissolved North Carolina corporation that at all relevant times had a principal place of business in North Carolina, (*id.* ¶ 1), and that Defendant is an Alabama limited liability company with a principal office and place of business in Alabama, (*id.* ¶ 3). It further alleges that Plaintiff seeks a total of approximately $154,000 in damages. (*Id.* at 8; *id.* ¶¶ 22, 24.) These allegations together support that complete diversity of citizenship exists and that the amount in controversy threshold for diversity jurisdiction has been met. Accordingly, the Court finds that it has subject matter jurisdiction over this action and therefore the Court declines to dismiss Plaintiff's claim on this basis.

The Court will next address whether Plaintiff's claims should be dismissed under Rule 12(b)(6).

---

[2] Because multiple courts can have concurrent jurisdiction over a claim, this fact does not by itself deprive this Court of jurisdiction. *See New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073–74 (4th Cir. 1991) (discussing circumstances in which a district court should exercise its discretion to "surrender" jurisdiction in favor of a parallel state proceeding). The point regarding timeliness of removal is irrelevant as Plaintiff is not seeking to remove the State Court Action.

7

### B. Res Judicata Bars Plaintiff's Claims

Defendant first argues that res judicata bars Plaintiff's claims.

Under the doctrine of res judicata (also called "claim preclusion"), "a final judgment on the merits in one action precludes a second suit based on the same cause of action between the same parties or their privies."[3] *Whitacre P'ship v. Biosignia, Inc.*, 591 S.E.2d 870, 880 (N.C. 2004) (citing *State ex rel. Tucker v. Frinzi*, 474 S.E.2d 127, 128 (N.C. 1996)). The doctrine prevents the re-litigation of all matters that were or should have been adjudicated in the prior action. *Id.* (citing *Thomas M. McInnis & Assocs., Inc. v. Hall*, 349 S.E.2d 552, 556 (N.C. 1986)). "The essential elements of res judicata are: (1) a final judgment on the merits in an earlier suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." *Orlando Residence, Ltd. v. All. Hosp. Mgmt., LLC*, 846 S.E.2d 701, 708–09 (N.C. 2020) (quoting *State ex rel. Utils. Comm'n v. Thornburg*, 385 S.E.2d 451, 453–54 (N.C. 1989)). With respect to the second element, "[s]trict identity of issues . . . is not absolutely required and the doctrine . . . appl[ies] to those issues which could have been raised in the prior action but were not." *Kabatnik v. Westminster Co.*, 306 S.E.2d 513, 515 (N.C. Ct. App. 1983); *Thomas M. McInnis & Assocs.*, 349 S.E.2d at 556 ("[A]ll matters, either fact or law, that were or should have been adjudicated in the prior action are deemed concluded.").

---

[3] Federal courts give "the same preclusive effect to a state court judgment as the forum that rendered the judgment would have given it." *Sartin v. Macik*, 535 F.3d 284, 287 (4th Cir. 2008). Here, the parties proceeded to a final judgment in a North Carolina court, so this Court looks to North Carolina law.

8

Here, the parties are the same as in the State Court Action, and there was a final judgment on the merits as to the claims between them in that action.[4] (ECF No. 16-1 at 3.) Plaintiff has conceded that these two elements have been met here. (ECF Nos. 8 at 1; 15 at 1.) Thus, the only question is whether Plaintiff did assert or should have asserted its present claims in the state action. A comparison of Plaintiff's filings in the State Court Action with its filings here demonstrates that Plaintiff did litigate its claims to final judgment in the State Court Action.

Plaintiff has asserted three claims in this action—conversion, unfair and deceptive trade practices, and breach of contract. Because all three of Plaintiff's claims are premised on Defendant's alleged retention of trade fixtures, the Court will not distinguish between them in this discussion.

Among Plaintiff's counterclaims in the State Court Action was a claim that Defendant owed it a credit for, among other things, its "up-fitt[ing]" of the leased space. (ECF No. 6-4 ¶ 37). Here, Defendant terms this the "reimbursement counterclaim" and argues that it encompassed the issues related to Plaintiff's left-behind property that Plaintiff seeks to litigate before this Court. (ECF No. 7 at 6.) Plaintiff protests that its present claims relate to "trade fixtures" and that "the term 'upfittings,' by definition, does *not* embrace trade fixtures or personal property." (ECF No. 11 at 3.) Plaintiff does not provide the definition of "upfittings" that it is referencing or any legal support for this contention. (*Id.*)

---

[4] Although Plaintiff instituted this action in this Court while the state action was still pending—specifically, nearly two and a half years into the state litigation, and the same week that Defendant filed a motion for summary judgment in that action, (ECF No. 6-5 at 3)—that timing does not prevent this Court from affording the judgment in the state action res judicata effect. Restatement (Second) of Judgments § 14 cmt. a ("[W]hen two actions are pending which are based on the same claim, or which involve the same issue, it is the final judgment first rendered in one of the actions which becomes conclusive in the other action (assuming any further prerequisites are met), regardless of which action was first brought.").

The Court finds that Plaintiff's reimbursement counterclaim in the State Court Action and Plaintiff's claims here seek monetary recovery for the same property arising out of the same lease agreement only using different legal theories in the two proceedings. *Bockweg v. Anderson*, 428 S.E.2d 157, 163 (N.C. 1993) ("'[The] cases make it clear that subsequent actions which attempt to proceed by asserting a new legal theory or by seeking a different remedy are prohibited under the principles of res judicata."). The Court does not rely on any specific definition of "upfitting" (this word is not defined in Black's Law Dictionary), rather, the Court looks to a letter that Plaintiff filed with the state court on October 18, 2021.[5] (ECF No. 6-10.) In this letter, which sought a stay in the State Court Action pending this litigation and modifications to a forthcoming order, Plaintiff described the reimbursement counterclaim as concerning "subject trade fixtures" and "seeking . . . monetary compensation for the retention and apparent usage of the same by [Defendant] or a new tenant . . . which fixtures had previous been bought and fully paid for by [Plaintiff]." (ECF No. 6-10 at 2.) Thus, Plaintiff's own characterization of its prior counterclaim precisely describes its claims here. The doctrine of res judicata therefore bars this action.

Because the Court finds that res judicata precludes Plaintiff from re-litigating the claims in its Complaint in this action, the Court will grant Defendant's motion to dismiss. The Court need not address Defendant's alternative compulsory counterclaim argument.

---

[5] This letter bears a filing stamp mark, (ECF No. 6-10 at 1), and both parties have identified it as correspondence from Plaintiff to the judge who presided over the case in state court, (ECF Nos. 7 at 10; 11 at 6). The Court therefore takes judicial notice of this letter as a part of the court record.

10

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss, (ECF No. 6), is **GRANTED**.

This, the 29th day of September 2022.

/s/ Loretta C. Biggs
United States District Judge